# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEFFREY PERRY | : | |
| 41A LEE STREET | : | |
| Woodstown, NJ 08098 | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | NO.: |
| | : | |
| | : | JURY TRIAL DEMANDED |
| NATIONAL RAILROAD PASSENGER | : | |
| CORPORATION (AMTRAK) | : | |
| 60 Massachusetts Ave. | : | |
| Washington, DC 20002 | : | |
| | : | |
| Defendant | : | |

## COMPLAINT

1.     Plaintiff, Jeffrey Perry (PERRY), is a citizen of the State of New Jersey residing at the above address.

2.     Defendant, National Railroad Passenger Corporation. (AMTRAK), is a corporation duly organized in Washington, DC and doing business in the State of New Jersey as well as several states in the mid-Atlantic region.

3.     Amtrak operates a passenger rail service between several states of the United States.

4.     On September 21, 2015, the date of the incident at issue, Plaintiff was an employee of Amtrak.

5.     At all times material hereto, Plaintiff was employed by Defendant.

6.     The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec 51 et seq., and further amended by the Act of

Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act", and under "The Federal Safety Appliance Act", Title 45, U.S.C.A., Sec. 1-16 inclusive and   under "The Federal Boiler Inspection Act", Title 45, U.S.C.A., Sec. 22-34, inclusive.

7.      All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

8.      All of the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

9.      On or about September 21, 2015 and for some time prior thereto, Plaintiff Perry, a repairman, was employed by Defendant, AMTRAK and on that date in the performance of his duties he sustained serious, permanent, and painful personal injuries.

10.      PERRY was providing assistance to contractors believed to be from Atlantic Auto Service.

11.      While performing those duties, PERRY climbed up a ladder that was being used by workers who were repairing Amtrak equipment.

12.      Suddenly and without warning, the ladder collapsed.

13.      The fall caused PERRY to break the heel of his right foot.

14.      As a result, Plaintiff sustained severe personal injuries/aggravation to his heel necessitating surgery to repair same.

15.      The negligence and carelessness of the Defendant consisted of the following, inter alia:

      a)      Failing to provide Plaintiff with a safe place to work;

      b)      Failing to warn Plaintiff of the existence of said dangerous condition;

c)      Failing to provide equipment reasonably safe for working condition;

d)      Failing to maintain equipment in a condition which would protect and safeguard the Plaintiff;

e)      Failing to correct the dangerous conditions existing thereon;

f)      Failing to use due care under the circumstances.

16.     Plaintiff PERRY believes and avers that the ladder was improper for the purpose assigned and was unsafe.

17.     PERRY's injuries are permanent.

18.     As a result of the aforesaid, PERRY has incurred a medically determinable physical or mental impairment which prevents him from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities.

19.     As a result of the aforesaid, Plaintiff, PERRY has suffered fiscal damages including a severe loss of earnings and impairment to his earning capacity and power as well as suffering severe economic harm.

20.     As a further result of the negligence of the Defendant, PERRY has undergone great physical pain and mental anguish and will continue to endure the same for an indefinite time in the future, all to his great detriment and loss.

21.     As a further result of the aforesaid, PERRY has been obliged to expend large sums of money for medicines and medical care and attention in and about an effort to effect a cure of his injuries, and will be obliged to continue to expend large sums of money for the same purposes for an indefinite time in the future, all to his great detriment and loss.

22.     Additionally, PERRY was improperly and illegally terminated as a result of suffering and reporting this injury.

23.     This is a violation of the Federal Rail Safety Act.

24.     PERRY was working with another Amtrak worker who was not disciplined, despite doing the same actions that allegedly justified AMTRAK's retaliation.

**WHEREFORE**, Plaintiff Jeffrey PERRY claims of the defendant, a sum in excess of **One Hundred Fifty Thousand ($150,000.00)** together with interest and costs and brings this action to recover same.

**KELLER & GOGGIN, P.C.**

By:      /s/Voci R. Bennett
         VOCI R. BENNETT USDC-DC#PA0076
         Keller & Goggin, P.C.
         1528 Walnut Street, Suite 900
         Philadelphia, PA 19102
         215-735-8780 (office)
         215-735-5126 (fax)
         vbennett@keller-goggin.com
         *Attorney for Plaintiff*

## **VERIFICATION**

I, _____, have read the foregoing.  The statements herein are correct to the best of my personal knowledge, information and/or belief.  This statement and verification is made subject to the penalties or 18 Pa. C.S.A.Sec. 4904 relating to unsworn falsifications to authorities, which provide that if I knowingly make false averments, I may be subject to criminal penalties.